# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-0007V
### UNPUBLISHED

| | |
|---|---|
| PAUL CHRISTENSEN,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: April 7, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Uncontested;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

  On January 2, 2019, Paul Christensen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffers from a right shoulder injury related to vaccine administration ("SIRVA"), resulting from an influenza vaccine administered on October 19, 2017. Petition at 1. Petitioner further alleges that his injuries lasted for more than six months. Petition at 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 27, 2020, Respondent filed his report pursuant to Vaccine Rule 4(c) in which he contested entitlement to compensation. Respondent's Rule 4(c) Report at 1. On February 28, 2022, I issued findings of fact to resolve the disputed factual issues in favor of Petitioner.

On April 6, 2022, Respondent filed an Amended Rule 4(c) report in which he states that he does not contest that Petitioner is entitled to compensation in this case. Respondent's Amended Rule 4(c) Report at 2. Specifically, Respondent states that "[i]n light of the Chief Special Master's fact ruling, and medical record evidence submitted in this case, DICP has concluded that petitioner meets the criteria for a SIRVA as defined by the Vaccine Injury Table. Specifically, petitioner had no recent history of pain, inflammation, or dysfunction of his right shoulder. Additionally, the onset of pain occurred within 48 hours after receipt of an intramuscular vaccination, and the pain was limited to the shoulder in which the vaccine was administered. Also, no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's right shoulder pain." *Id.* at 4-5. Respondent further agrees that "petitioner suffered the residual effects of his condition for more than six months … Therefore, based on the record as it now stands and subject to his right to appeal the Findings of Facts, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* at 5.

In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.

IT IS SO ORDERED.

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master