# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 19-0007V
UNPUBLISHED

| | |
|---|---|
| PAUL CHRISTENSEN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 19, 2022<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Tyler King*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On January 2, 2019, Paul Christensen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from a right shoulder injury related to vaccine administration ("SIRVA"), resulting from an influenza vaccine administered on October 19, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 7, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On August 19, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $76,226.41 consisting of $75,000 in pain and suffering and $1,226.41 for past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>76,226.41</u> (consisting of $75,000.00 in pain and suffering and $1,226.41 in past unreimbursable expenses), in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PAUL CHRISTENSON,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>Respondent. | No. 19-0007V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION[1]**

**I.      Procedural History**

On January 2, 2019, Paul Christenson ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*.  He alleges that he sustained a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, within the Table time period following administration of an influenza vaccine he received on October 19, 2017.[2] *See* Petition.  On January 27, 2020, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending compensation be denied.  ECF No. 20.  On February 28, 2022, Chief Special Master Corcoran issued a Findings of Fact, holding that petitioner had received the flu vaccine in his right shoulder and petitioner's SIRVA likely began within the 48-hour timeframe for the Table claim.  ECF No. 29.  On April 6, 2022, respondent filed his

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] The petition alleged the flu vaccine was administered on October 19, 2017, but the filed vaccination records document administration on October 14, 2017.  The court's Findings of Fact found that petitioner received the vaccination on October 14, 2017.  ECF No. 29 at 6.

amended Rule 4(c) report, indicating that based on the Chief Special Master's findings of fact, this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury. ECF No. 32.  On April 7, 2022, the Chief Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for a SIRVA Table injury.[3]  ECF No. 33.

## II.     Items of Compensation

### A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $75,000.00 in pain and suffering. See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,226.41.  See 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## III.    Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision

---

[3] Respondent has no objection to the amount of the proffered award of damages set forth herein.  Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's April 7, 2022, entitlement decision.

and the Court's judgment award the following:[4] a lump sum payment of $76,226.41, in the form of a check payable to petitioner.

IV. **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Paul Christensen:  **$76,226.41**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/ Tyler C. King
TYLER C. KING
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 305-0730
Tyler.King@usdoj.gov

Dated:  August 19, 2022

---

[4] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.